IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIMOTHY MOORE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHOE CARNIVAL, INC.,<br><br>Defendant. | CASE NO.<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

Timothy Moore ("Plaintiff"), individually and on behalf of all others similarly situated, through his undersigned counsel, alleges as follows against Shoe Carnival, Inc. ("Defendant"), based upon personal knowledge as to himself and, as to all other matters, upon information and belief, including his counsel's investigation. Plaintiff believes additional evidentiary support exists for his allegations, given an opportunity for discovery:

## I.   Introduction

1. Plaintiff, individually and on behalf of all others similarly situated, brings this class action against Defendant under the Telephone Consumer Protection Act ("TCPA").

2. Specifically, Defendant sent a series of telemarketing and solicitation text messages to Plaintiff's cellular telephone number, which he registered on the National Do-Not-Call Registry ("DNC Registry"), without first obtaining Plaintiff's prior express written consent to receive these text messages, all while failing to disclose required information for a telemarketing text message.

3. As a result, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2) by delivering more than one advertisement or

marketing text message to residential or cellular telephone numbers registered with the DNC Registry without the prior express invitation or permission required by the TCPA.

4. Additionally, upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4) by delivering more than one advertisement or telemarketing message to residential or cellular telephone numbers while failing to identify "the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

## II. Parties

5. Plaintiff is, and has been at all times relevant to this action, the regular and sole user of his cellular telephone number—(662) 385-XXXX.

6. Plaintiff uses his cellular telephone as his personal residential telephone number.

7. Plaintiff is a natural person who at all relevant times resided in Greenwood, Mississippi.

8. Defendant is an Indiana corporation that is headquartered in Evansville, Indiana.

## III. Jurisdiction and Venue

9. This Court has subject matter jurisdiction under 47 U.S.C. § 227(c)(5), and 28 U.S.C. § 1331.

10. Venue is proper before this Court under to 28 U.S.C. § 1391(b)(1) as Defendant resides in this district and a significant portion of the transactions giving rise to this action occurred in this district.

11. In particular, Defendant likely directed its text messages to Plaintiff's telephone from this district.

## IV.   Factual Allegations

12. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC Registry are presumed to be residential. In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 18 F.C.C. Rcd. 14014, 14039 (2003).

13. Plaintiff's cellular telephone number was registered with the DNC Registry in or around August 2018.

14. Starting in August 2023 and continuing through the present, Plaintiff began receiving text messages on his cellular telephone from a 727375 short code telephone number advertising Defendant's product offerings and sales:



15. The 727375 short code telephone number is owned by Defendant.[1]

---

[1]   See https://www.shoecarnival.com/content/smstermsandconditions (last visited December 1, 2023).

16. Plaintiff did not recognize the sender of these text messages.

17. Plaintiff is not a current or former customer of Defendant, and does not believe that he has ever visited a Shoe Carnival store or website.

18. Plaintiff is not, and was not, interested in Defendant's services or marketing.

19. Defendants sent, or caused to be sent, at least five advertisement or marketing text messages to Plaintiff's cellular telephone in 2023.

20. Plaintiff did not give Defendant prior express consent or prior express written consent to send text messages to his cellular telephone number.

21. Defendant sent the text messages at issue for non-emergency purposes.

22. Upon information and good faith belief, Defendant sent the text messages at issue voluntarily.

23. The purpose of the text messages at issue was to advertise and to market Defendant's business or services.

24. Upon information and good faith belief, Defendant knew, or should have known, that Plaintiff registered his cellular telephone number with the DNC Registry.

### V.     Class Action Allegations

25. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following classes:

**Federal Do-Not-Call Registry Class:**

> All persons throughout the United States (1) to whom Shoe Carnival, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Shoe Carnival, Inc.'s or their business partners' goods or services, (2) where the person's residential telephone number had been registered with the National Do Not Call Registry for at least thirty days before Shoe Carnival, Inc. delivered, or caused to be delivered, at least two of the text messages within the 12-month period, (3) within four years preceding the date of this complaint through the date of class certification.

**Sender Identification Class:**

    All persons and entities throughout the United States (1) to whom Shoe Carnival, Inc. delivered, or caused to be delivered, more than one text message within a 12-month period, promoting Shoe Carnival, Inc.'s or their business partners' goods or services, (2) where the subject text messages did not state the name of the individual caller, the name of Shoe Carnival, Inc., and a telephone number or address at which Shoe Carnival, Inc. may be contacted, (3) within four years preceding the date of this complaint through the date of class certification.

26. Excluded from the classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

27. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

28. The exact number of members of the classes are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

29. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

30. In addition, the members of the classes are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant, and by third parties, including class members.

31. Plaintiff's claims are typical of the claims of the members of the classes.

32. As it did for all members of the Federal Do-Not-Call Registry Class, Defendant delivered solicitation text messages to Plaintiff's telephone number more than thirty days after Plaintiff registered her telephone number with the DNC Registry.

33. As it did for all members of the Sender Identification Class, Defendant delivered solicitation text messages to Plaintiff's telephone number where the subject text messages did not

state the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted.

34. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

35. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

36. Plaintiff suffered the same injuries as the members of the classes.

37. Plaintiff will fairly and adequately protect the interests of the members of the classes.

38. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

39. Plaintiff will vigorously pursue the claims of the members of the classes.

40. Plaintiff has retained counsel experienced and competent in class action litigation.

41. Plaintiff's counsel will vigorously pursue this matter.

42. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

43. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

44. Issues of law and fact common to all members of the classes include:

    a. Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

   b. For the Federal Do-Not-Call Registry Class, Defendant's practice of delivering text messages, for solicitation purposes, to telephone numbers already registered on the DNC Registry for more than thirty days;

   c. For the Sender Identification Class, Defendant's practice of delivering text messages, for solicitation purposes, without identifying the name of the individual caller, the name of Defendant, and a telephone number or address at which Defendant may be contacted;

   d. Defendant's violations of the TCPA; and

   e. The availability of statutory penalties.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

46. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

47. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

48. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

49. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

50. The damages suffered by the individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

51. The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

52. There will be no extraordinary difficulty in the management of this action as a class action.

53. Defendant acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Federal Do-Not-Call Registry Class

54. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-53.

55. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

56. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

57. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

58. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

59. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members who registered their respective residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

60. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the Federal Do-Not-Call Registry Class, more than one solicitation call or text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

61. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the Federal Do-Not-Call Registry Class, are entitled to damages in an amount to be proven at trial.

## Count II
### Violation of 47 U.S.C. § 227(c)(5)
### On behalf of the Sender Identification Class

62. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-53.

63. A text message is a "call" as defined by the TCPA. *See, e.g.*, *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 280 n.4 (2d Cir. 2020) ("It is undisputed that '[a] text message to a cellular telephone . . . qualifies as a 'call' within the compass of [the TCPA].'") (internal citation omitted); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009).

64. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(d), provides in relevant part that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." *Id.* at § 64.1200(d)(4).

65. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

66. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

67. Defendant violated 47 C.F.R. § 64.1200(d)(4) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the class members while failing to "provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted."

68. Defendant therefore violated 47 U.S.C. § 227(c)(5) because of its violations of 47 C.F.R. § 64.1200(d)(4).

69. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d)(4), Plaintiff, and the members of the Sender Identification Class, are entitled to damages in an amount to be proven at trial.

## JURY DEMAND

Plaintiff, on behalf of himself and the Class of all others similarly situated, hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: December 5, 2023

/s/ *Alex D. Kruzyk*
Alex D. Kruzyk (to seek admission *pro hac vice*)*
**PARDELL, KRUZYK & GIRIBALDO, PLLC**
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tele: (561) 726-8444
akruzyk@pkglegal.com

Todd M. Friedman (to seek admission *pro hac vice*)*
Adrian R. Bacon (to seek admission *pro hac vice*)*
The Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Ste. 340
Woodland Hills, CA 91364
Tele: (323) 306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com